RAY v. The MILWAUKEE BELLE. See Case No. 9,627.

RAY (UNITED STATES v.). See Case No. 16,124.

## Case No. 11,592a.

### Ex parte RAYMOND.

[3 App. Com. Pat. 445.]

Circuit Court, District of Columbia. March 27, 1861.

ISSUANCE OF PATENTS—LACHES OF APPLICANT.

[A claimant who has suffered his claim to stand as a rejected application for more than five years, without any attempt to protect his rights, and then, without offering any excuse for the delay, files another application, has lost his right to procure a patent thereon.]

[In the matter of the appeal of Lewis Raymond from the decision of the commissioner of patents rejecting his application for a patent for an improvement in boat frames.]

MERRICK, Circuit Judge. The application has been refused by the office, upon the ground that the claimant has forfeited whatever rights he may originally have had by his unreasonable delay in prosecuting his application.

The facts are that on the 24th of February, 1853, Raymond filed his specification, which was twice examined, and the claim finally rejected on the 27th of October, 1853. He then had the papers returned to his attorney on the 11th of May, 1854. In April, 1860, he returned to the patent office the specification and drawing, which the office refused to consider again, as having been already rejected. He then, on the 9th of August, 1860, made a new and original application, which has in due course been rejected, for the reason above stated, and this decision of the office is presented for my review upon appeal. The question raised by the appellant is no longer an open one in the practice of the office on the rulings of the judges of the

circuit court on appeal. It was thoroughly considered by myself in the case of Wickersham v. Singer [Case No. 17,610] some years ago, and that decision has met the full approbation of Judge Morsell in Ex parte O'Hara [Case No. 10,464.] It was again considered and reaffirmed by myself in Ex parte Dedericks [Case No. 3,734]. In that case, speaking of the presumption of abandonment arising from neglect to prosecute his case, I used this language: "The presumption is not irrefragable. It may be explained and overcome by surrounding circumstances, such as clear proof of the extreme poverty of the applicant, that he was led into error and delusion as to the true state and condition of his rights, and was actually ignorant of the mode and means of vindicating them, and as soon as the pressure of poverty was withdrawn, or he became aware that he had rights and means of establishing them, he, with reasonable diligence, set about their vindication." And in the case of Wickersham v. Singer I said: "Should the office itself make a mistake in its judgment which does not create delusion in the mind of the party as to his rights, can he repose upon that mistake and make it operate as an indefinite excuse to him for delaying the further prosecution of his rights, either by endeavoring to convince the office by claim for rehearing of a palpable error, or by resorting to the easy and expeditious means for revising its decision by appeal, as the statute provides?"

The claimant in the present case has suffered his claim to remain before the public as a rejected application for more than five years, without any attempt in the interval to protect his rights, and now comes forward without offering any excuse or palliation for his long delay. In view of the principles which have been thus deliberately settled, and the facts presented on the record, I feel obliged to affirm the judgment of the office refusing to entertain the present application.

Now, therefore, I certify to the commissioner of patents that, having assigned a time and place for hearing said appeal, and having duly considered the reasons of appeal and the office's response to these reasons, I am of opinion that there is no error in the judgment of the office, and the same is hereby accordingly affirmed.